1  ANDRÉ BIROTTE JR.
United States Attorney
2  LEON W. WEIDMAN
Assistant United States Attorney
3  Chief, Civil Division
ROGER E. WEST
4  Assistant United States Attorney
First Assistant Chief, Civil Division
5  California Bar No. 58609
DAVID A. DeJUTE
6  Assistant United States Attorney
California Bar No. 153527
7         300 N. Los Angeles Street
        Federal Building, Room 7516
8         Los Angeles, California 91001
        Telephone: (213) 894-2461/2574
9         Facsimile: (213) 894-7819
        Email:      Roger.West4@usdoj.gov
10        Email:      David.DeJute@usdoj.gov

11  Attorneys for Defendant Barack Obama

12              UNITED STATES DISTRICT COURT

13         FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                  WESTERN DIVISION

15  RUTH JONES,                    )  Case No. CV 10-01075 GAF (PJWx)
                                   )
16        Plaintiff,               )
                                   )
17        v.                       )  DATE:   July 26, 2010
                                   )  TIME:   9:30 a.m.
18  BARACK HUSSEIN OBAMA II, etc., )  CTRM:   Roybal - 740
                                   )
19        Defendant.               )
                                   )  Honorable Gary A. Feess
20  _____    )

21

22  **NOTICE OF MOTION AND MOTION TO DISMISS ACTION**

23                       **AND**

24  **MEMORANDUM OF POINTS AND AUTHORITIES**

25                **IN SUPPORT OF MOTION**

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS ACTION**

**PLEASE TAKE NOTICE** that on the 26th day of July, 2010 at 9:30 a.m., Defendant Barack Obama, President of the United States of America, will bring on for hearing the within Motion To Dismiss, before the Honorable Gary A. Feess, United States District Judge, in his courtroom located at 255 E. Temple Street, Los Angeles, California, 90012. Defendant, by and through his undersigned counsel, hereby moves this court pursuant to the provisions of Rule 12(b) (1) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's action against him with prejudice. This motion is made upon the grounds that this court lacks subject matter jurisdiction over this case because Plaintiff lacks standing to bring it, and because it presents non-justiciable political questions.

This motion is made and will be based upon the attached Memorandum of Points and Authorities, the pleadings and exhibits herein, and upon such other and further arguments, documents and grounds as may be advanced in the future.

Attempts by undersigned counsel to comply with Local Rule 7 were unsuccessful. In violation of the Local Rules, Plaintiff did not list a telephone number on any document filed with the court. In an effort to schedule a conference, undersigned counsel emailed to Plaintiff, at the email address listed on

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

1   her complaint, a request that she participate in a conference on June 7, 2010, at

2   11:00 a.m., or, at another date and time convenient to her.  Plaintiff never

3   responded to the email.

4   DATED: *6/25/10*        ANDRÉ BIROTTE JR.
5                               United States Attorney
                               LEON W. WEIDMAN
6                               Assistant United States Attorney
                               Chief, Civil Division

7

8                               DAVID A. DeJUTE
9                               Assistant United States Attorney
                              Attorneys for Defendant Barack Obama

10

11   DATED: *6/25/10*        ANDRÉ BIROTTE JR.
12                               United States Attorney
                               LEON W. WEIDMAN
13                               Assistant United States Attorney
                               Chief, Civil Division

14

15                               ROGER E. WEST
16                               Assistant United States Attorney
                              First Assistant Chief, Civil Division
17                               Attorneys for Defendant Barack Obama

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ACTION . . . . . . . . . . . -1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

II.     STATEMENT OF THE CASE AND SUMMARY OF
        ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

III.    ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

This Court Lacks Subject Matter Jurisdiction Of This Action

        A.      Plaintiff Lacks Standing Herein . . . . . . . . . . . . . . . . . . . . . -5-

                1.      Plaintiff Cannot Show The Required Concrete, Traceable
                        Injury-In-Fact To Provide Standing Herein . . . . . . . . . . . . -6-

                2.      Plaintiff Cannot Satisfy the Redressability Requirement for
                        Standing  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

        B.      This Case Presents Non-Justiciable Political Questions  . . . . . . . . -9-

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Baker v. Carr,*
369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) . . . . . . . . . . . . . . . 9

*Baker v. Carr,*
369 U.S. 210 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14

*Baker v. Carr,*
369 U.S. at 217 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Barnett v. Obama,*
__ F. Supp. 2d __, 2009 WL 3861788 (C.D. Cal 2009) . . . . . . . . . . . 7,8

*Corrie v. Caterpillar,*
503 F.3d 974 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

*Fairchild v. Hughes,*
258 U.S. 126, 42 S. Ct. 274 (1922) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hyland v. Clinton,*
208 F.3d 213, 2000 WL 125876 (6th Cir. 2000) . . . . . . . . . . . . . . . 12

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) . . . . . . . . . . 5,6

*Newdow v. Bush,*
355 F. Supp. 2d 265 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Nixon v. U.S.,*
506 U.S. 224, 113 S. Ct. 732, 122 L. Ed. 2d 1 (1992) . . . . . . . . . . . . 12

*Nixon v. United States,*
938 F.2d 239 (D.C. Cir. 1991), aff'd, 506 U.S. 224, 113 S.Ct. 732,
122 L.Ed.2d. 1 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13

*Schleshinger v. Reservists Committee To Stop The War,*
418 U.S. 208, 94 S. Ct. 2925, 41 L. Ed. 2d 706 (1974) . . . . . . . . . . . . 7

*Sierra Club v. Environmental Protection Agency,*
292 F.3d 895 (D.C. Cir 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Munoz-Flores,*
495 U.S. 385, 110 S. Ct. 1964, 109 L.Ed.2d 384 (1990) . . . . . . . . . . . 9

*Warth v. Seldin,*
422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) . . . . . . . . . . . . 5

*Williams v. Rhodes,*
393 U.S. 23, 89 S. Ct. 5, 21 L. Ed. 2d 24 (1968) . . . . . . . . . . . . . . . 10

# FEDERAL STATUTES

3 U.S.C. § 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF MOTION

### I.

### INTRODUCTION

Plaintiff seeks to challenge the 2008 election of President Barack Obama by requiring the President to prove that he is "a natural born citizen" within the meaning of the United States Constitution.  Plaintiff does not have standing to pursue such a claim, and she cannot use this Court to investigate and decide the President's fitness for office without contravening the very Constitution that she purports to uphold.  The Electoral College and the Congress are vested with exclusive jurisdiction to decide such political disputes.

Plaintiff also seeks to litigate in this Court a variety of vaguely defined claims, including allegations that by issuing an Executive Order, by accepting the Nobel Peace Prize, and by chairing a meeting of the United Nations General Assembly, the President has violated the United States Constitution and committed treason.  Plaintiff also lacks standing to pursue these claims which are, in any event, also non-justiciable.

Accordingly, this Court is respectfully requested to dismiss Plaintiff's complaint in its entirety and, because there is no possibility of curing the legal defects, to dismiss it without leave to amend.

### II.

### STATEMENT OF THE CASE AND SUMMARY OF ALLEGATIONS

The complaint in this case comprises 59 pages, and 103 paragraphs of rambling, repetitious, and at times incomprehensible allegations.  Distilled to its essence, this case seeks injunctive and declaratory relief from this Court adjudicating the fitness and qualifications of President Barack Obama to be President of the United States and adjudicating the propriety of certain conduct of the President since taking office.  In the Prayer For Relief (See Complaint at pp.

57-59), Plaintiff asks this Court to grant the following injunctive relief:

(1)    Issue a mandatory injunction requiring President Obama to demonstrate that he meets the Constitutional "natural born citizen" requirement for eligibility for the office of President of The United States;

(2)    Issue an injunction barring President Obama from continuing to be President of the United States and barring him from holding the office of President of the United States or any other Federal office in the future;

(3)    Issue a mandatory injunction requiring President Obama to "remove himself from the office of the President and White House within 24 hours," with a proviso that force should be used to effect such removal if necessary;

(4)    Issue an injunction ordering Congress to arrange an "emergency election for the People to elect a Constitutionally eligible President of the United States" within 60 days.

The Prayer for Relief also seeks the following Declaratory relief:

(1)    A declaration stating that President Obama has failed to provide proof that he is Constitutionally qualified as a "natural born citizen" to be President of the United States;

(2)    A declaration that President Obama is "guilty of Treason."

(3)    A declaratory judgment that President Obama's "swearing into the Office of the President of the United States on January 20 and 21, of 2009, is hereby null and void as if it never was." (sic).

(4)    A declaratory judgment that any and all Executive Orders, Treaties, and all other acts made by President Obama from the date of his inauguration to the present are "null and void upon the inauguration of the next President."

(5)    A declaratory judgment that all appointments made by President Obama "will be null and void upon the inauguration of a newly elected President."

(6)    A declaratory judgment that "the Amended Executive Order #12425 is declared unconstitutional and hereby null and void."

1    With respect to the request for a declaratory judgment from this Court that
2  President Obama is "guilty of treason," this request is apparently premised upon
3  allegations made at various points in Plaintiff's complaint, but chiefly centered in
4  Count 2 thereof, that President Obama committed treason when he signed
5  Amended Executive Order #12425, when he presided as the chairperson over the
6  General Assembly of the United Nations on or about September 23, 2009, and
7  when he accepted the Nobel Peace Prize in October, 2009.

8    The complaint makes other equally frivolous and bizarre allegations which
9  attack the fitness, competence, and qualifications of President Barack Obama to
10  hold office.

11    By virtue of the fact that Plaintiff seeks a trial in this Court regarding her
12  contentions that President Barack Obama is not qualified to be President, based on
13  the alleged ground that he is not a "natural born citizen" of the United States, and
14  on the further alleged grounds of misconduct in Office as well as other allegations
15  of misconduct scattered throughout the complaint, this case must be dismissed,
16  because Plaintiff lacks standing, because it presents non-justiciable political
17  questions, and for other reasons, as the following discussion will demonstrate.

## III.

## ARGUMENT

## This Court Lacks Subject Matter Jurisdiction Of This Action

### A.  Plaintiff Lacks Standing Herein

22    The question of standing is a threshold determination concerning "whether a
23  litigant is entitled to have the Court decide the merits of the dispute or of
24  particular issues." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct 2197, 45 L.Ed.2d
25  343 (1975).  A Plaintiff bears the burden of establishing proper standing "at the
26  outset of its case." *Sierra Club v. Environmental Protection Agency*, 292 F.3d
27  895, 901, (D.C. Cir 2002).  In so doing, a Plaintiff must allege facts sufficient to
28  satisfy the "irreducible Constitutional minimum" of Article III standing. *Lujan v.*

1   *Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct 2130, 119 L.Ed.2d 351 (1992).

2 To have standing, Plaintiff must first allege that she has "suffered an 'injury in

3 fact' - an invasion of a legally protected interest which is (a) concrete and

4 particularized... and (b) actual or imminent, not 'conjectural' or 'hypothetical'...

5 Id. at 560, 112 S.Ct 2130 (citations omitted). "Second, there must be a causal

6 connection between the injury and the conduct complained of." (Id) (quotations

7 omitted). "Third, it must be likely, as opposed to merely speculative, that the

8 injury will be redressed by a favorable decision." (Id) (quotations omitted). As an

9 "irreducible minimum," Article III standing requires that the party seeking to

10 invoke the Court's jurisdiction show that she <u>personally</u> has suffered some actual

11 or threatened injury as a result of actions by the Defendant. *Valley Forge*

12 *Christian College v. American's United for Separation of Church and State, Inc.,*

13 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *United*

14 *Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375 (D.C. Cir. 1984). In

15 the complaint, Plaintiff has failed to establish her standing to sue. See *Berg v.*

16 *Obama*, 574 F.2d Supp.2d 509, and cases cited therein; *Barnett v. Obama*, __ F.

17 Supp.2d __, 2009 WL 3861788 (C.D. Cal 2009).

18         **1.**   **Plaintiff Cannot Show The Required Concrete, Traceable**

19                **Injury-In-Fact To Provide Standing Herein**

20       The complaint is utterly devoid of any allegations that Plaintiff has suffered

21 an injury in fact which is concrete, which has affected her in a personal and

22 uniquely individual way, and which is fairly traceable to the actions challenged in

23 the complaint. The injuries alleged by Plaintiff in the complaint appear to be of

24 two types: First, her subjective fears that her "safety, freedom and security" are

25 being threatened or destroyed by President Obama (See e.g. ¶ 85 of the complaint,

26 wherein Plaintiff states: "the harm to the Plaintiff is that her safety, freedom and

27 security have been destroyed by the Defendant. The Plaintiff is afraid to so (sic)

28 to bed at night. There has been an increase in the amount of plane activity over

the Los Angeles skies from about 2-5 a.m...."); Secondly, the complaint is replete with allegations that Plaintiff is suffering injury as a result of the alleged flouting of the text and principles of the United States Constitution by President Obama. (See, e.g., Complaint, ¶ 41 and 42).

Neither of these alleged injuries is sufficient to vest Plaintiff with standing herein. Plaintiff's allegations regarding fears for her safety and security are not sufficiently concrete, nor are they unique and particularized, nor are they actual or imminent. See *United Presbyterian Church v. Reagan*, supra. In analogous cases, it is been held that Plaintiffs alleging fear of, for example, enforcement actions by law enforcement officers, or future prosecution, must show a credible threat of immediate future harm to themselves in order to possess standing to bring such actions. See, e.g. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Nelson v. King County*, 895 F.2d 1248 (9th Cir. 1990). In the instant case, the "fears" alleged by Plaintiff in her complaint (e.g. increase in aircraft activity over Los Angeles at night, or INTERPOL controlling the Government, etc.) are neither credible, nor concrete, nor immediate, nor particularized as to her. With respect to Plaintiff's fears that the Constitution is being flouted by the President, it is well settled that an injury to "the generalized interest of all citizens in Constitutional governance" is too abstract to satisfy standing requirements. See *Schlesinger v. Reservists Comm. To Stop The War*, 418 U.S. 208, 217, 220, 94 S.Ct 2925, 41 L.Ed.2d 706 (1974).

Regarding Plaintiff's specific contentions that President Obama has violated the Constitution and committed "treason" in signing Amended Executive Order 12425, in presiding as the Chairperson over the General Assembly of the United Nations in September, 2009, and by accepting the Nobel Peace Prize in October, 2009, Plaintiff similarly fails to satisfy standing requirements. The "general right" of "every citizen, to require that the government be administered according to law" is insufficient to establish standing. *Fairchild v. Hughes,* 258 U.S. 126, 129, 42

1  S.Ct 274 (1922); _Barnett v. Obama_, supra, __ F.Supp.2d __, 2009 WL 3861788

2  (C.D. Cal 2009).  Plaintiff continually asserts throughout the complaint herein that

3  she is an American citizen who is bringing this action because she fears for the

4  future of her country, which she believes is being led by an unqualified President

5  who has committed unlawful, unconstitutional, and treasonous acts.  Her stake in

6  this controversy as a citizen is no greater than that of the millions of other United

7  States citizens, and the harms she alleges are too vague, generalized and not

8  particularized.  See _Barnett v. Obama_, supra, __ F.Supp.2d __, 2009 WL 3861788

9  (C.D. Cal 2009).

10      In summary, Plaintiff has not alleged, and cannot allege the requisite

11  "injury-in-fact" to support standing in this case.

12      **2.    Plaintiff Cannot Satisfy the Redressability Requirement for**

13          **Standing**

14      As outlined above, an essential element of standing requires that it be likely,

15  as opposed to merely speculative, that the injuries alleged by Plaintiff will be

16  redressed by a favorable decision.

17      Even assuming the doubtful proposition that some of the purported

18  "injuries" alleged by Plaintiff satisfied the Article III requirement of "injury-in-

19  fact," Plaintiff cannot demonstrate that any injury complained of herein could be

20  redressed by this Court.  First, as discussed below, the political question doctrine

21  precludes redress to Plaintiff because such redress would improperly arrogate to

22  this Court jurisdiction over political questions as to the fitness and qualifications

23  of the President, and as to conduct of the President alleged to be treasonous, which

24  the Constitution entrusts exclusively to the House and Senate.

25      Plaintiff further fails to meet the redressability element required for Article

26  III standing because this Court is without power to issue the injunctive relief

27  which is requested in the Complaint.  It appears that, in order to redress Plaintiff's

28  alleged injuries herein, the Court would need to issue an injunction against

-8-

1  President Obama that, <u>inter alia</u>, would require him to prove his eligibility and

2  qualifications to be President of the United States, and, upon his failure to do so,

3  would bar him from further holding office, and force him to remove himself from

4  the White House.  Moreover, Plaintiff's requested injunction would require this

5  Court to order Congress to arrange for an "emergency election for the people to

6  elect a constitutionally eligible President of the United States" within 60 days.

7  This Court cannot, consistent with the doctrine of separation of powers, issue any

8  such injunctions herein.  <u>See</u>, e.g., <u>Newdow v. Bush</u>, 355 F.Supp.2d 265, 280-283

9  (D.D.C.  2005), and cases cited therein; <u>see also</u> the discussion on the coordinate

10  branches of government and the cases cited therein immediately below.  Similarly,

11  regarding Plaintiff's requests for declaratory relief, they also fail to satisfy the

12  redressability element necessary for standing because the declaratory relief

13  requested would be a legal nullity.  <u>Newdow v. Bush</u>, supra.

14        In summary, Plaintiff lacks standing to bring this action because she utterly

15  fails to satisfy the requirement of redressability as well as the requirement of

16  "injury in fact."  Accordingly, this case must be dismissed for lack of subject

17  matter jurisdiction.

18        **B.   This Case Presents Non-Justiciable Political Questions**

19        It is well settled that when the United States Constitution makes a "textually

20  demonstrable commitment" of an issue to another branch of the government, other

21  than the Judiciary, that issue presents a non-justiciable political question.  See

22  <u>Baker v. Carr</u>, 369 U.S. 186, 217, 82 S.Ct 691, 710, 7 L.Ed.2d. 663 (1962).  The

23  political question doctrine serves to "restrain the Judiciary from inappropriate

24  interference in the business of the other branches of Government" by prohibiting

25  the Courts from deciding issues that properly rest within the province of the

26  political branches.  <u>United States v. Munoz-Flores</u>, 495 U.S. 385, 394, 110 S.Ct.

27  1964, 109 L.Ed.2d 384 (1990).  Because "disputes involving political questions lie

28  outside the Article III jurisdiction of federal courts," such cases are to be

1  dismissed for want of jurisdiction. _Corrie v. Caterpillar_, 503 F.3d 974, 980, 982

2  (9th Cir. 2007).

3      The issues sought to be raised by Plaintiff in this case regarding both

4  whether President Obama is a "natural born citizen of the United States," and

5  therefore qualified to be President, as well as any claims being made by Plaintiff

6  that the President has committed treason or other official misconduct to justify

7  removal from Office, are to be judged, according to the text of the United States

8  Constitution, by the legislative branch and Electoral College of the government,

9  and not by the judicial branch of government.

10     The Constitution indicates that issues related to a candidate's eligibility for

11  the Office of President rest, in the first instance, with the voters and with their

12  Electoral College, the Constitutionally created body responsible for selecting the

13  President of the United States.  See U.S. Constitution, Article II, section 1, cl. 2

14  ("Each State shall appoint, in such Manner as the Legislature thereof may direct,"

15  electors for the President and Vice President); Id.  Amend. XXIII, section 1;

16  _Williams v. Rhodes_, 393 U.S. 23, 43, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968) (Harlan, J.,

17  concurring) ("The [Electoral] College was created to permit the most

18  knowledgeable members of the community to choose the executive of a nation.").

19     The Constitution's commitment to the Electoral College of the

20  responsibility to select the President includes the authority to decide whether a

21  presidential candidate is qualified for office because the examination of a

22  candidate's qualifications is an integral component of the electors' decision-

23  making process.[1]

24

---

25     [1]Explaining this provision of the Constitution, Alexander Hamilton stated

26  that: "the people of each State shall choose a number of persons as electors, equal

27  to the number of senators and representatives of such State in the national

    government who shall assemble within the State, and vote for some fit person as

28  President." (emphasis added).  See Federalist Papers, No. 68.

-10-

1    The Constitution also provides that, after the Electoral College has voted,
2  further review of the presidential candidate's eligibility for office, to the extent
3  such review is required, rests with Congress.  Where no candidate receives a
4  majority of the electoral votes, the Constitution commits to the House of
5  Representatives the authority to select the President and, in so doing, to evaluate
6  the candidates' qualifications.  <u>See</u> U.S. Constitution Amendment XII.  Similarly,
7  the Twentieth Amendment exclusively grants Congress the responsibility for
8  selecting a President when a candidate elected by the Electoral College does not
9  satisfy the Constitution's eligibility requirements.  <u>See Id</u>.  Amendment XX, § 3
10  ("the Congress may by law provide for the case wherein neither a President-elect
11  nor a Vice President-elect shall have qualified, declaring who shall then act as
12  President or the manner in which one who is to act shall be selected, and such
13  person shall act accordingly until a President or Vice President shall have
14  qualified.").  Thus, review of Presidential qualifications after the Electoral College
15  has acted rests in Congress, pursuant to the Constitution.

16    The Constitution's textual commitment of this responsibility is a
17  responsibility that Congress has embraced.  Both the House and Senate have
18  standing committees with jurisdiction to decide questions relating to Presidential
19  elections.  <u>See</u> S.R. 25.1n(1)(5) (the Senate Committee on Rules and
20  Administration has jurisdiction over "proposed legislation, messages, petitions,
21  memorials, and other matters relating to . . . federal elections generally, including
22  the election of the President, Vice President, and members of Congress, as well as
23  "Presidential succession") (copy attached for Court's convenience as Exhibit 1
24  hereto).  <u>See also</u> H.R. 10(j)(12).  (Copy attached as Exhibit 2).

25    Federal legislation further details the process for counting electoral votes in
26  the Congress.  Under 3 U.S.C. § 15, Congress is directed to be in session on the
27  appropriate date to count the electoral votes for President, with the President of the
28  Senate presiding.  The statute further directs that the electoral votes be counted,

1    and then the results be presented to the President of the Senate, who shall then

2    "announce the state of the vote."  The statute then provides a mechanism for

3    objections to be registered and resolved in the following language:

4              "[e]very objection shall be made in writing, and shall

5              state clearly and concisely, and without argument, the

6              ground thereof, and shall be signed by at least one

7              Senator and one Member of the House of

8              Representatives before the same shall be received.  When

9              all objections so made. . .shall have been received and

10             read, the Senate shall thereupon withdraw, and such

11             objections shall be submitted to the Senate for its

12             decision; and the Speaker of the House of

13             Representatives shall, in like manner, submit such

14             objections to the House of Representatives for its

15             decision."

16             In summary, it is clear, from the text of the Constitution, and the relevant

17   statutory law implementing the Constitution's textual commitments, that

18   challenges to the qualifications of a candidate for President can, in the first

19   instance, be presented to the voting public before the election, and, once the

20   election is over, can be raised as objections as the electoral votes are counted in

21   the Congress.  Therefore, challenges such as those purportedly raised in this case

22   are committed, under the Constitution, to the electors, and to the Legislative

23   branch.

24             Regarding Plaintiff's claims and allegations that the President has

25   committed misconduct and, indeed, treason, while in Office, the Constitution also

26   makes a textual commitment of the power to review the President's conduct and

27   continuing service to a branch other than the Judiciary, and those allegations also

28   include political questions.  See U.S. Constitution Amendment XXV; _Baker_,

1  supra, 369 U.S. at 217.  Likewise, Plaintiff's injunctive relief requests,

2  summarized above, related to the removal of the President from Office, are equally

3  committed by the text of the Constitution to a coordinate branch.  See U.S.

4  Constitution Article I, § 2, cl. 5; Article I, § 3, cl. 6; _Nixon v. United States_, 938

5  F.2d 239, at 243 ("the framers simply assumed that the Courts had nothing

6  whatever to do with impeachment.")  (D.C. Cir. 1991), aff'd 506 U.S. 224, 113

7  S.Ct. 732, 122 L.Ed.2d. 1 (1992); _Hyland v. Clinton_, 208 F.3d 213, 2000 WL

8  125876 (6th Cir. 2000).

9       Barack Obama has been President of the United States for some eighteen

10  months.  The issues which Plaintiff seeks to litigate in this case, and the

11  allegations which she makes in her complaint, relate to the fitness, competence,

12  and qualifications of President Obama to continue to serve in Office.  As the D.C.

13  Circuit observed under vastly different circumstances, these issues are political

14  questions for a very good reason:

15          "although the primary reason for invoking the political

16          question doctrine in our case is the textual commitment

17          . . . to the Senate, the need for finality also demands it.

18          See _Baker v. Carr_, 369 U.S. at 210, 82 S.Ct. 706 . . .

19          [T]he intrusion of the Courts would expose the political

20          life of the country to months, or perhaps years, of chaos.

21          Even if the Courts qualified a finding of justiciability

22          with a rule against stays or specific relief of any kind,

23          their review would undermine the new President's

24          legitimacy . . . for at least as long as the process took.

25          And a declaratory action without final relief awarding

26          the Office to one person or the other could confound

27          matters indefinitely." (emphasis supplied).

28  _Nixon v. United States_, 938 F.2d 239, at 245 (D.C. Cir. 1991), aff'd, 506 U.S. 224,

1  113 S.Ct. 732, 122 L.Ed.2d. 1 (1992).

2       Litigation of these issues in this Court would be an equal intrusion of the

3  Court into the political life of the other branches of government.  Such an

4  intrusion would do violence to the principle of separation of powers, an equally-

5  important basis to recognize that such political questions are outside the

6  jurisdiction of the Court.  See *Baker v. Carr*, supra, 369 U.S. 210 ("The non-

7  justiciability of a political question is primarily a function of the separation of

8  powers."); Id. at 217 (setting forth the elements typically describing a political

9  question).

10       In summary, the aforesaid issues which Plaintiff seeks to litigate in this case

11  are, under the Constitution, within the sole and exclusive jurisdiction of the House

12  of Representatives and the Senate of the United States.  Additionally, litigation of

13  these issues in this Court, and the granting of some or all of the relief sought by

14  Plaintiff would violate the doctrine of separation of powers.  Accordingly, this

15  case must be dismissed, because it presents non-justiciable political questions.

16  **IV.**

17  **CONCLUSION**

18       The Complaint should be dismissed because Plaintiff lacks standing to use

19  the power of this Court to force President Obama from office and also because any

20  jurisdiction to do so resides not in this Court but in a co-equal branch of

21  government.  Although Plaintiff may think that this Court is the proper forum to

22  decide such Constitutional issues, the Framers of the Constitution did not.  The

23  checks and balances within the text of the Constitution as well as the case law

24  interpreting it preclude a private citizen from having standing or a district court

25  from having jurisdiction to force a sitting President from office.

26  \\\

27  \\\

28  \\\

1    Accordingly, Plaintiff's action should be dismissed in its entirety without

2   leave to amend.

3                                            Respectfully submitted,

4   DATED:  6/25/10                          ANDRÉ BIROTTE JR.
                                             United States Attorney
5                                            LEON W. WEIDMAN
                                             Assistant United States Attorney
6                                            Chief, Civil Division

7

8                                            DAVID A. DeJUTE
                                             Assistant United States Attorney
9                                            Attorneys for Defendant Barack Obama

10

11  DATED:  4/25/10                          ANDRÉ BIROTTE JR.
                                             United States Attorney
12                                           LEON W. WEIDMAN
                                             Assistant United States Attorney
13                                           Chief, Civil Division

14

15                                           ROGER E. WEST
                                             Assistant United States Attorney
16                                           First Assistant Chief, Civil Division
                                             Attorneys for Defendant Barack Obama

17

18

19

20

21

22

23

24

25

26

27

28