ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division
California Bar No. 58609
DAVID A. DeJUTE
Assistant United States Attorney
California Bar No. 153527
    300 N. Los Angeles Street
    Federal Building, Room 7516
    Los Angeles, California 91001
    Telephone: (213) 894-2461/2574
    Facsimile:  (213) 894-7819
    Email:    Roger.West4@usdoj.gov
    Email:    David.DeJute@usdoj.gov

Attorneys for Defendant Barack Obama

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RUTH JONES, | Case No. CV 10-01075 GAF (PJWx) |
| Plaintiff, | |
| v. | DATE: July 26, 2010<br>TIME: 9:30 a.m.<br>CTRM: Roybal - 740 |
| BARACK HUSSEIN OBAMA II, etc., | |
| Defendant. | Honorable Gary A. Feess |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Defendant Barack Obama has moved to dismiss Plaintiff's Complaint on the ground that it does not confer on the Court subject matter jurisdiction, whereas Plaintiff lacks standing and whereas it presents non-justiciable political questions. In her opposition, Plaintiff acknowledges that she is a private citizen seeking answers to her questions concerning Defendant's fitness to hold the Office of President of the United States, and yet Plaintiff contends that her complaint is not legally deficient. Nothing in Plaintiff's opposition, however, undermines either of the two independent grounds to dismiss as set forth in the moving papers, either of which is fatal to Plaintiff's claims.

Accordingly, this Court is respectfully requested to dismiss the Complaint and, because the legal defects are not subject to cure, to do so with prejudice.

## II

## THIS COURT LACKS SUBJECT MATTER JURISDICTION

**A.   Plaintiff Lacks Standing**

**1.   Plaintiff Cannot Show Injury-In-Fact**

As more fully set forth in Defendant's moving papers, Plaintiff lacks standing to bring this case because she can show neither injury-in-fact nor redressability, each of which is separately required to confer standing. *See*, *e.g.*, *Valley Forge Christian College v. American's United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982); *United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375 (D.C. Cir. 1984); *see also Newdow v. Bush*, 355 F.Supp.2d 265, 280-283 (D.D.C. 2005), and cases cited therein.

In her opposition, as in her complaint, Plaintiff fails to list any injury-in-fact which is concrete, which has affected her personally and uniquely or which is

fairly traceable to the allegations in her complaint. Plaintiff's assertions that certain actions of President Obama have violated the law – such as signing an executive order, chairing a general session of the United Nations or accepting the Nobel Peace Prize – are insufficient to confer standing. *Compare, e.g.,* Opposition at 1-3, 7 and 13 *with Schlesinger v. Reservists Comm. To Stop The War*, 418 U.S. 208, 217, 220, 94 S.Ct 2925, 41 L.Ed.2d 706 (1974) (injury to "the generalized interest of all citizens in Constitutional governance" is too abstract to satisfy the requirements of standing). Similarly, Plaintiff's tautology that her injury is not speculative because it:

> "*could be caused* by the law as it will eventually be applied, by collateral injuries, or because compliance with the law causes the hardship and the only other choice is to break the law with the resulting consequences of being prosecuted"

is not supported by logic, grammar or case law. *Compare* Opposition at 14 (emphasis added) *with City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Nelson v. King County*, 895 F.2d 1248 (9th Cir. 1990) (fear of enforcement actions, or future prosecution, must show a credible threat of immediate future harm to confer standing to bring such actions).

Plaintiff's alleged injuries are simply too abstract, too generalized and too speculative to show any injury-in-fact. Therefore, Plaintiff lacks standing and this Court is deprived of jurisdiction.

**2.   Plaintiff Cannot Show Redressability**

Even if Plaintiff could show injury-in-fact, which she cannot, Plaintiff fails to show that her alleged injuries will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct 2130, 119 L.Ed.2d 351 (1992). Respectfully, this Court is without the power to issue the injunctive or declaratory relief requested by Plaintiff to oust President Obama from Office. *Newdow v. Bush*, 355 F.Supp.2d 265, 280-283 (D.D.C. 2005) and cases cited therein; *see also*

the discussion on the coordinate branches of government and the cases cited therein in the moving papers and immediately below.

In response, Plaintiff acknowledges the redressability requirement explained in *Lujan*, but then states that *she* will be redressed, as the remedy requested:

> "is to remove the Defendant as the presumed president who is Illegitimate and a usurper as well; then every law and appointment made as a result of him will be null and void up through a new president being elected."

Opposition at 8. Plaintiff fails to cite any authority, however, for the proposition that *this Court* has the ability to issue the orders necessary to administer the eviction of the President and the nullification of every law and appointment since his inauguration. Case law rejects the notion that this court or any court could issue such orders. *See, e.g., Newdow v. Bush*, 355 F.Supp.2d 265 at 280-283.

Accordingly, because Plaintiff can show neither injury-in-fact nor redressability, both of which are required and the lack of either of which is fatal to confer standing, this Court is without subject matter jurisdiction.

**B.     This Case Presents Non-Justiciable Political Questions**

Because the Constitution makes a "textually demonstrable commitment" to the Congress and the Electoral College of the issues of whether one is fit to hold and retain the Office of President, Plaintiff's Complaint presents non-justiciable political questions. *See Baker v. Carr,* 369 U.S. 186, 217, 82 S.Ct 691, 710, 7 L.Ed.2d. 663 (1962); *see also United States v. Munoz-Flores*, 495 U.S. 385, 394, 110 S.Ct. 1964, 109 L.Ed.2d 384 (1990) (the political question doctrine serves to "restrain the Judiciary from inappropriate interference in the business of the other branches of Government"); *see also Corrie v. Caterpillar*, 503 F.3d 974, 980, 982 (9th Cir. 2007) ("disputes involving political questions lie outside the Article III jurisdiction of federal courts").

///

In her opposition, Plaintiff acknowledges that the sole issue presented by her Complaint arises out of whether President Obama is fit to hold office:

> "The one question this whole case hinges on is the *judicial* interpretation of the meaning of 'natural born' citizenship which is a threshold requirement for one to hold the highest office."

Opposition at 11 (emphasis added). Plaintiff ignores the plain text of the Constitution, however, which vests in Congress and the Electoral College the exclusive authority to determine one's fitness to hold and to retain the Office of President. *See* U.S. Constitution, Article II, § 1, cl. 2; *see also Id.*, Amendment XXIII, § 1; Amendment XX, § 3; Amendment XXV, Article I, § 2, cl. 5; and Amendment XXV, Article I, § 3, cl. 6. Because the text of the Constitution vests the authority to determine one's fitness to be President to a coordinate branch of government, this Court is precluded from providing a "*judicial* interpretation." Instead, whether President Obama is fit to hold and retain his office presents political, non-justiciable questions to be determined first by the Electoral College and then by the Congress.

Accordingly, this Court is without subject matter jurisdiction.

## III

## CONCLUSION

Plaintiff's confusion over the implementation of the text of the Constitution and the proper role of this Court seems to arise out of her assertion that "the Defendant is not in fact the President but a de-facto dictator and is in the Executive position as a usurper"; accordingly, "the Defendant would not be a 'constitutional' president where the Congress could act under the U.S. Constitution and 'impeach him.'" Opposition at 10-11. These claims cannot be raised by this Plaintiff, however, because she lacks the requisite standing to do so. Moreover, the resolution of such claims reposes exclusively with a coordinate branch of government, not with this Court.

1   For the foregoing reasons, therefore, this Court is respectfully requested to
2   dismiss the Complaint with prejudice on the alternate and independent grounds that
3   the Plaintiff lacks standing and that the issues presented in the Complaint raise
4   non-justiciable political questions.

Respectfully submitted,

DATED: July 19, 2010

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

   */s/ David A. DeJute*
DAVID A. DeJUTE
Assistant United States Attorney

   */s/ Roger E. West*
ROGER E. WEST
Assistant United States Attorney
First Assistant Chief, Civil Division
Attorneys for Defendant Barack Obama