JS - 6

LINK: 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**        (In Chambers)

### ORDER RE: DEFENDANT'S MOTION TO DISMISS

### I.
### INTRODUCTION & BACKGROUND

Plaintiff Ruth Jones ("Plaintiff"), acting "in pro se," has sued defendant President Barack H. Obama (the "President") for injunctive and declaratory relief. (Docket No. 1.) Her suit asserts that the President's citizenship is undetermined and that certain actions he has taken in office violate the Constitution and constitute treason.

Plaintiff's first set of citizenship-related claims cite Article II, Section 1, Clause 4 of the United States Constitution[1] (Compl. ¶ 3.), and contend that the President has failed to provide "absolute" proof of his citizenship status, such as his certified birth certificate. (Id. ¶¶ 5, 9, 11, 18.) Plaintiff's second set of claims turns on allegations that the President violated the Constitution and committed treason when he issued Amended

---

[1] The clause reads: "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President." U.S. CONST., art. II, § 1, cl. 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

Executive Order No. 12425,[2] chaired a meeting of the General Assembly of the United Nations ("UN"), and accepted the Nobel Peace Prize. (Id. ¶ 1.)

According to Plaintiff, the President executed Amended Executive Order No. 12425 on September 16, 2009. (Id. ¶ 68b.) Pursuant to the Amended Executive Order, the President gave INTERPOL, an international criminal police organization, immunity from government searches, "free custom[s] duties and freedom from IRS taxes," property-tax exemptions, and exemption from the federal Freedom of Information Act ("FOIA"). (Id. ¶¶ 75, 77.) The Executive Order also allegedly placed the Plaintiff under "the surveillance and jurisdiction of the INTERPOL and the International government." (Id. ¶ 78.)

On September 23, 2009, approximately one week after issuing Amended Executive Order No. 12425 (id. ¶ 68c.), the President allegedly served as chair of the UN General Assembly. (Id. ¶ 79.) On that occasion, he directed the General Assembly to "move the World in a new direction," and thus purportedly took "a step taking the United States in the New World Order," in violation of the Constitution. (Id. ¶¶ 93-94.)

Finally, Plaintiff alleges that on October 9, 2009, the President accepted the Nobel Peace Prize and the "money which accompanied it." (Id. ¶¶ 68d, 79, 98.) Because this prize was issued by the "Nobel Peace Committee from Norway" (id. ¶ 98.), the President allegedly violated the Emoluments Clause of Article I, Section 9 of the Constitution.[3] (Id. ¶ 96.)

To redress the two sets of alleged constitutional violations, Plaintiff seeks various

---

[2] Although Plaintiff refers to the Amended Executive Order as both "Amended executive order #12425" and "'amended' executive order #124125" (compare Compl. ¶ 1 with id. ¶ 68b.), the Court shall adopt her initial characterization in referring to the order. See Press Release, The White House, Office of the Press Secretary, Executive Order – Amending Executive Order 12425 (Dec. 17, 2009).

[3] The clause reads: "No Title of Nobility shall be granted by the United States: And no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State." U.S. CONST., art. I, § 9, cl. 8; see also U.S. ex rel. New v. Rumsfeld, 448 F.3d 403, 410 (D.C. Cir. 2006).

JS - 6

LINK: 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

forms of declaratory and injunctive relief. First, Plaintiff seeks an injunction requiring the President to demonstrate that he is constitutionally eligible. (Compl. ¶ 57.) Second, if the President does not demonstrate his constitutional qualifications, Plaintiff contends this Court should issue "an injunction to remove [him] by force if necessary from the office of the presidency," bar him from the White House, and prohibit him from holding any federal office. (Id. ¶ 57; Prayer for Relief ¶¶ 5-6.) Third, Plaintiff seeks a declaration stating: (1) Amended Executive Order No. 12425 is unconstitutional; (2) the President is guilty of treason; and (3) the President's inauguration is null and void; and (4) all of his other official acts will be "null and void" upon the inauguration of a new president. (Prayer for Relief ¶¶ 4, 7-8, 10, 13.)

The President moves to dismiss the case and argues that Plaintiff lacks standing to sue because she has not demonstrated the requisite concrete and particularized injury-in-fact. The Court agrees, **GRANTS** the motion, and **DISMISSES** Plaintiff's claims.

**II.
DISCUSSION**

**A. RULE 12(B)(1) AND STANDING**

Standing is an essential element of this Court's subject matter jurisdiction, Warth v. Seldin, 422 U.S. 490, 498 (1975), and is properly raised in a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Article III standing, like other bases of jurisdiction, generally must be present when the lawsuit is filed. Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992) (plurality opinion).

To demonstrate standing under Article III of the Constitution, the plaintiff must satisfy three elements. First, the plaintiff must allege that she has suffered an "injury in fact," i.e., the invasion of a legally protected interest. Lujan, 504 U.S. at 560. Second, "there must be a causal connection between the injury and the conduct complained of." Id. And third, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

be 'redressed by a favorable decision.'" Id. at 561. The party invoking federal jurisdiction bears the burden of proving standing. Id.; cf. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

**B. APPLICATION**

Plaintiff's complaint and opposition to the present motion demonstrate that she has not satisfied the first element of the Lujan standing analysis—that is, she has not alleged a legally-cognizable injury in fact.

To support an injury based on the President's alleged foreign citizenship, Plaintiff claims that the President has "violated the right she has to a president who is a 'natural born citizen' and whose allegiance is solely to that of the United States"; she contends that the United States is now "vulnerable to a plethora of threats from its enemies because this Defendant has shown no proof of his...sole loyalty...." (Compl. ¶¶ 23, 25.)  Because the President has not proven his citizenship, "the unrest of all the citizens grows more intense," and Plaintiff "no longer has in operation a United States under the protection and control" of the Constitution. (Id. ¶¶ 37, 41a; see also Not. Opp. at 2; Opp. at 4.)  Even assuming the truth of these fanciful speculations, controlling case law teaches that they do not give rise to the kind of injury that establishes standing to sue in federal court.  For example, in Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208 (1974), the Supreme Court stated that "the generalized interest of all citizens in constitutional governance...is an abstract injury," and "standing to sue may not be predicated upon an interest of [that] kind...held in common by all members of the public." 418 U.S. at 217, 220.  Multiple courts have considered the citizenship issue presented in this case and have held that "the grievance of a citizen in the alleged violation of the natural born citizen clause is too generalized" to support an injury-in-fact.  Barnett v. Obama, --- F. Supp. 2d ----, 2009 WL 3861788, at *8 (C.D. Cal. Oct. 29, 2009) (citing Hollander v. McCain, 566 F. Supp. 2d 63 (D.N.H. 2008); Berg v. Obama, 574 F. Supp. 2d 509 (E.D. Pa. 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

In support of her claim that she suffered injury caused by the President's presiding as UN General Assembly chair, Plaintiff states that in taking such action, the President "evidenced his non legitimate Presidency and his allegiance to those of foreign countries at the expense of the Plaintiff's country. This was giving aid and comfort to the enemy...an outward sign to the world his allegiance is...to the United Nations...." (Opp. at 8.) Clearly, the supposed harm to Plaintiff is an abstract and generalized injury that would be common to all American citizens; it is therefore insufficient to support standing under Schlesinger and Lujan.

As a basis for claiming injury arising from the President's acceptance of the Nobel Peace Prize, Plaintiff contends that the acceptance "violates the right Plaintiff has under the Constitution to have a President who is free from accepting gifts, awards, and money from foreign countries." (Compl. ¶¶ 98, 99.) Plaintiff claims she is "constantly fearful because...in her Country the leader...follows his own laws, not those of the Supreme Law of the United States." (Id. ¶ 102; see also Opp. at 8 ("[A]cts of allegiance to the foreign countries made the Plaintiff fearful for her safety and the coming Marshall Law [sic]...to take over the people").)

Once again, the generalized and abstract nature of Plaintiff's claim under the Emoluments Clause of Article I will not support standing in this matter. See Schlesinger, 418 U.S. at 217, 220. Plaintiff's purported fear of future harm is inadequate to support injury-in-fact because the threat of harm is not "immediate," and she has not specified, with any precision, the "irreparable injury" she will personally suffer based on the purported Emoluments Clause violation. Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1100 (9th Cir. 2000); see also Eggar v. City of Livingston, 40 F.3d 312, 317 n.10 (9th Cir. 1994); Nelsen v. King County, 895 F.2d 1248, 1252 (9th Cir. 1990) ("claims predicated upon...'speculative contingencies afford no basis for finding the existence of a continuing controversy as required by article III.'") (citing Lee v. Schmidt-Wenzel, 766 F.2d 1387, 1390 (9th Cir. 1985)).

Finally, to support an injury based on Amended Executive Order No. 12425 and the intervention of INTERPOL, Plaintiff claims she is "afraid to [g]o to bed at night. There has been an increase in the amount of plane activity over the Los Angeles skies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

from about 2-5 am. The Plaintiff is fearful her country will be taken over as a result of [the] immunities and privileges given to the INTERPOL." (Compl. ¶ 85.)

Again, other than the vague reference to supposed increase in plane activity during the night—which is not even described as threatening in nature—Plaintiff does not indicate any personal harm that stems from INTERPOL's presence in the United States. To the extent the Amended Executive Order "violated and circumvented the rights the Plaintiff has to be under the control and protection of the U.S. Constitution...not INTERPOL" (Id. ¶ 41c; see also id. ¶¶ 41k-m.), or generally "took away [Plaintiff's] right to face her perpetrators in criminal court" (Opp. at 2, 7.), it would apply equally to all citizens, and thus injure only the "generalized interest of all citizens" described in Schlesinger. 418 U.S. at 217.

In her opposition, Plaintiff effectively concedes that the supposed INTERPOL-related harms do not adequately support an injury-in-fact. She argues that Amended Executive Order No. 12425 "took away the rights of the courts to hear her case for criminal activity where she could be taken to international court" (Opp. at 2 (emphasis added).) and states she is now "potentially allowed to be taken to an international court without the state or federal courts having a say over her protection." (Opp. at 7 (emphasis added).) But absent any contention or evidence that Plaintiff violated any laws,[4] or that these proceedings are imminently threatened, the claims "raise wholly speculative concerns that call for a type of purely advisory opinion" prohibited by Article III. Guidiville Band of Pomo Indians v. NGV Gaming, Ltd., 531 F.3d 767, 773 (9th Cir. 2008) (citing City of Los Angeles v. Lyons, 461 U.S. 95, 106-07, 110-11 (1983)).[5]

### III.

---

[4] See Compl. ¶ 2 (Plaintiff "presents in good standing having never been arrested and has always maintained good moral turpitude").

[5] Buttressing this conclusion is the fact that Plaintiff herself cannot discern a precise theory to support standing. Indeed, in generally describing her supposed injuries in this case, Plaintiff argues that her "hardship could be caused by the law as it will eventually be applied, by collateral injuries, or because compliance with the law causes the hardship and the only other consequence is to break the law...." (Opp. at 14 (emphasis added).)

JS - 6

LINK: 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1075-GAF (PJWx) | Date | July 20, 2010 |
|---|---|---|---|
| Title | Ruth Jones v. Barack Hussein Obama II et al | | |

**CONCLUSION**

Consistent with the reasoning expressed in greater detail above, the Court **GRANTS** the President's motion to dismiss Plaintiff's claims for lack of standing, and the action is hereby **DISMISSED**.

**IT IS SO ORDERED.**